IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRONTAVIOUS DOWDELL, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW SAUL, )<br>*Commissioner of Social Security*, )<br>)<br>   Defendant. ) | Case No. 3:21-cv-181-SMD |

## ORDER

Plaintiff Brontavious Dowdell seeks to appeal a final administrative decision of Defendant Commissioner of Social Security. *Compl.* (Doc. 1) p. 2. The Commissioner's decision denied Dowdell's application for Social Security disability insurance and supplemental security income benefits. *Id.* The problem for Dowdell is that he failed to file the instant action within 60 days of receiving the Commissioner's decision. *Pl.'s Mot. for Late Filing* (Doc. 4) p. 1. Accordingly, Dowdell moved to file his complaint out of time. *Id.* The Court ordered briefing on the matter,[1] and the Government filed a response.[2]

Dowdell now moves to file his reply out of time. *Pl.'s Mot. for Extension* (Doc. 14) p. 1. Federal Rule of Civil Procedure 6(b) governs a district court's authority to extend deadlines for filing motions and responsive documents. FED. R. CIV. P. (6)(b). Under that rule, a court may extend a deadline "if the party failed to act because of excusable neglect."

---

[1] *Order* (Doc. 7) p. 1.

[2] *Gov't's Resp.* (Doc. 11) p. 1.

*Id.* Determining the existence of excusable neglect "is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.'"[3] Pertinent "factors include the 'danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"[4]

Here, Dowdell argues that his failure to timely file a reply is due to his lawyer not receiving electronic notifications in this case. *Pl.'s Mot. for Extension* (Doc. 14) p. 1. Dowdell explains that, at the outset of this action, all electronic notifications of court filings went to his lawyer's spam inbox. *Id.* Accordingly, Dowdell maintains that his lawyer was not aware of the Court's order setting a briefing schedule in this matter. *Id.* For these reasons, the Court finds that Dowdell has shown excusable neglect for his failure to timely file his reply.

Accordingly, it is ORDERED that Dowdell's motion for extension (Doc. 14) is GRANTED and that Dowdell's triplicate motions for extension (Docs. 16, 17) are DENIED as moot. Plaintiff shall file his reply no later than **April 23, 2021**. At that time, the Court will take Dowdell's motion for late filing (Doc. 4) under advisement without further notice from the parties. Finally, the Court would like to note that the Middle District

---

[3] *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[4] *Jones v. Fulton Cnty., Ga.*, 2008 WL 11334167, at *2 (N.D. Ga. Sept. 2, 2008) (alteration in original) (quoting *Cheney*, 71 F.3d at 850).

of Alabama has not accepted letter pleadings in nearly a quarter century.[5] Failure to follow this Court's Local Rules and procedures shall be grounds for dismissal of any future motion.

DONE this 9th day of April, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

---

[5] *General Order re Letter Pleadings and Page Substitution Procedure*, ALMD (Mar. 21, 1997), https://www.almd.uscourts.gov/general-orders/general-order-re-letter-pleadings-and-page-substitution-procedure.