IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRONTAVIUS DOWDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-CV-181-SMD |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION & ORDER**

Plaintiff Brontavius Dowdell ("Dowdell") applied for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") on October 4, 2018, alleging he became disabled on September 10, 2018. (Tr. 169-79). Dowdell's applications were denied at the initial administrative level on November 26, 2018. (Tr. 92-103). He then requested and received a hearing before an Administrative Law Judge ("ALJ"), who found on March 17, 2020, that Dowdell was not disabled. (Tr. 23-35). Dowdell appealed to the Social Security Appeals Council ("Appeals Council"), which denied review. (Tr. 6-12). Therefore, the ALJ's order became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Dowdell appeals under 42 U.S.C. § 405(g). For the reasons that follow, the undersigned REVERSES and REMANDS the Commissioner's decision.[1]

---

[1] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 21); Def.'s Consent (Doc. 20).

## I.    STATUTORY FRAMEWORK

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). A claimant's RFC is what the claimant can still do—despite his impairments—based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ

---

[2] *McDaniel* is an SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy he can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[3] or (2) the testimony of a vocational expert ("VE").[4] *Id.* at 1239-40.

## II.    STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the ALJ applied the correct legal standards. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence, or the proper legal standards were not applied in the administrative proceedings. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). A court is required to give deference to factual findings, with close scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

---

[3] The Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[4] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

"Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F.2d at 1145.

## III.   ADMINISTRATIVE PROCEEDINGS

Dowdell was 27 years old on his alleged disability onset date. (Tr. 169). He has at least a high school diploma and past relevant work experience as a fast food worker, cook, crew leader, and material handler. (Tr. 33). Dowdell alleged disability due to degenerative joint disease/osteoarthritis of his bilateral hips, status post bilateral total hip replacement, multiple epiphyseal dysplasia, obesity, back pain, and hypertension. (Tr. 29-30).

In the administrative proceedings, the ALJ made the following findings with respect to the five-step evaluation process for Dowdell's disability determination. At step one, the ALJ found Dowdell has not engaged in substantial gainful activity since September 10, 2018, his alleged onset date. (Tr. 28). At step two, the ALJ found Dowdell suffers from the following severe impairments: degenerative joint disease/osteoarthritis of his bilateral hips and status post bilateral total hip replacement. (Tr. 29). At step three, the ALJ found Dowdell does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 30).

The ALJ proceeded to determine Dowdell's RFC, holding he has the capacity to perform sedentary work as defined by 20 C.F.R. § 404.1567(a) and 416.967(a) with some significant additional postural and environmental limitations. (Tr. 31). At step four, the ALJ found Dowdell cannot perform any past relevant work. (Tr. 33). At step five, the ALJ, considering Dowdell's age, education, work experience, and RFC, found that jobs exist in significant numbers in the national economy that Dowdell can perform. (Tr. 33). Accordingly, the ALJ found Dowdell was "not disabled" from September 10, 2018, through the decision date of March 17, 2020. (Tr. 34-35).

## IV.   DOWDELL'S ARGUMENTS

Dowdell presents four issues for review:

Whether the Commissioner erred as a matter of law by failing to properly evaluate the medical necessity of the cane[.]

Whether the Commissioner erred as a matter of law when the ALJ failed to order a consultative examination pursuant to 20 C.F.R. § 416.919a(b) and, instead, substituted his own lay opinion for that of a medical opinion[.]

Whether the Commissioner erred as a matter of law by failing to adequately evaluate Plaintiff's credibility[.]

Whether the Commissioner erred as a matter of law by failing to properly consider new evidence submitted to the Appeals Council and by failing to remand the case to the ALJ for further consideration[.]

Pl.'s Br. (Doc. 37) at 8 (all caps omitted). Because the undersigned finds the ALJ committed reversable error by failing to make an explicit finding regarding the medical necessity of Dowdell's use of a cane, the ALJ's decision is reversed and remanded. Having determined remand is necessary, the Court declines to reach the remaining issues on appeal.

## V.   ANALYSIS

Dowdell argues the ALJ failed to adequately consider whether Dowdell requires the aid of a handheld cane. *Id.* at 9. According to Dowdell, this determination is critical because the VE attested that if Dowdell had to use a cane to stand, balance, and walk, the cane's usage would amount to time off task. *Id.* at 12. The Commissioner asserts Dowdell did not prove the handheld assistive device was medically necessary, and the Commissioner points out that no binding case law requires the ALJ to make such a finding. Comm'r Resp. (Doc. 43) at 5-7. Additionally, the Commissioner maintains the medical records and objective evidence do not indicate the medical necessity of Dowdell's cane use, so the ALJ did not need to grapple with Dowdell's subjective statements about his need for a cane in the ALJ's decision. *Id.* at 7.

In support of his claim that the ALJ should have considered whether his cane usage was medically necessary, Dowdell cites two unreported District Court cases from the Middle District of Florida and the Southern District of Georgia. Pl.'s Br. (Doc. 37) at 11. While neither decision is controlling, the Court finds the opinions cited by Dowdell persuasive in the absence of any contrary authority, binding or otherwise, provided by the Commissioner.

In *Ortiz v. Saul*, Judge Tuite of the Middle District of Florida held that an ALJ's failure to assess the claimant's need for a cane in the ALJ's decision was reversable error. *See Ortiz v. Saul*, 2020 WL 1527856, at *4 (M.D. Fla. Mar. 31, 2020). In so holding, the court noted, "[i]f . . . 'the record contains information showing a claimant uses a cane, an ALJ should explicitly consider whether the claimant has a medical necessity for using such

a device and affirmatively reject [it], if appropriate, so the reviewing [c]ourt can be sure whether he intended to recognize use of a cane.'" *Id.* (quoting *Ebenroth v. Saul*, 2020 WL 583057, at *7 (S.D. Ga. Jan 14, 2020)). To this statement, the Commissioner, in the instant case, offers no response other than to point out that these cases are unreported and not binding. Comm'r Resp. (Doc. 43) at 6. The Commissioner's argument, or lack thereof, is not sufficient.

Here, the ALJ explicitly acknowledged at Dowdell's hearing that Dowdell used a cane, and Dowdell testified about his cane use at the hearing. (Tr. 65). Moreover, the ALJ questioned the VE about a hypothetical individual who needed a cane to ambulate, stand, and balance. (Tr. 74-75). During this questioning, the VE testified that an individual who needed to stand for comfort who also had to use a handheld cane would be considered off task. (Tr. 74-75). Yet, despite this testimony and questioning, the ALJ did not discuss Dowdell's cane usage in the ALJ's final decision. Instead, the ALJ noted that Dowdell used a cane to walk but did not otherwise address its medical necessity. (Tr. 30, 32). As in *Ortiz*, the record in this case demonstrates that Dowdell uses a cane; thus the ALJ should have explicitly addressed the medical necessity of that usage so that this Court could conduct a meaningful review of whether substantial evidence supports the ALJ's finding. *See Ortiz*, 2020 WL 1527856, at *4.

The Commissioner has pointed to medical record evidence to suggest Dowdell's use of a handheld assistive device is not medically necessary. Comm'r Resp. (Doc. 43) at 6. Yet, the ALJ's failure to say anything on this subject in his final decision frustrates this Court's review of the ALJ's decision. Importantly, the undersigned expresses no view on

the medical necessity of Dowdell's cane usage. It is for the Commissioner to weigh the evidence and reach a decision, so long as that decision is supported by substantial evidence. *See Kelley*, 185 F.3d at 1213 (citing *Graham*, 129 F.3d at 1422). Nevertheless, absent an explicit finding regarding the medical necessity of Dowdell's reliance on a cane to ambulate, stand, or balance, it is not possible for this Court to adequately ascertain whether that decision is supported by substantial evidence. Moreover, given the VE's testimony that a hypothetical individual who needed to stand for comfort, as part of their RFC, and used a handheld assistive device for standing and balance would be off task, the undersigned does not find that the omission was harmless.

## VI.    CONCLUSION

Accordingly, it is ORDERED that the Commissioner's decision is REVERSED and REMANDED. A separate judgment will issue.

DONE this 9th day of November, 2022.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE